IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK FRANCIS PERLINGER and PATRICIA ANN PERLINGER,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>BARBARA A. BUCHANAN, JUSTIN W. JULIAN, LORI T. MEULENBERG, LOUISE E. MARSHALL, and JOHN AND JANE Does (1-12),<br><br>　　　　Defendants. | Case No.  2:22-cv-00169-DNC<br><br>**ORDER DISMISSING PLAINTIFFS' COMPLAINT, WITH LEAVE TO AMEND, FOR FAILING TO COMPLY WITH FED. R. CIV. P. 8** |

## I.   INTRODUCTION

Plaintiffs Mark Francis Perlinger and Patricia Ann Perlinger (collectively "Plaintiffs") initiated this action by filing a pro se Complaint on April 19, 2022. Dkt. 1. Plaintiffs do not appear to have served any of the named Defendants. Despite such failure, Plaintiffs filed an "Order to Compel Emergency Injunction and Permanent Injunctive Relief" on May 20, 2022 (hereinafter "Motion").[1] Dkt. 3. Although Plaintiffs inappropriately threaten both the Defendants, and this Court, "that silence is deemed acquiescence," Plaintiffs do not appear to have served Defendants with either the Complaint or the Motion so that they could have an opportunity to respond. *Id*. at 3. Despite

---

[1] This case was initially assigned to Magistrate Judge Candy W. Dale. Because not all parties had appeared and consented to a magistrate judge when Plaintiffs filed their Motion, Judge Dale reassigned this case to the undersigned on May 23, 2022. Dkt. 4 (citing *Williams v. King*, 875 F.3d 500 (9th Cir. 2017)).

ORDER DISMISSING COMPLAINT - 1

this, the Court briefly considers Plaintiffs' Complaint.

## II. LEGAL STANDARD

1. *Screening Requirement*

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1991). Accordingly, the Court will exercise its inherent authority to screen Plaintiffs' pro se Complaint to ensure that the action is not frivolous or malicious, that the Complaint complies with the Federal Rules of Civil Procedure, and that the Court has subject matter jurisdiction over Plaintiffs' claims. *De Shazo v. Bieter et al.*, 2021 WL 5701488, at * (D. Idaho Dec. 1, 2021) (recognizing a court has "inherent authority to screen [a] case sua sponte"); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("[A] district court may, at any time, sua sponte dismiss a complaint … when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."); *Stephens v. Felsch*, 2020 WL 9607901, at *1 (S.D. Ill. Sept. 25, 2020), report and recommendation adopted, 2020 WL 6395494 (S.D. Ill. Nov. 2, 2020) ("In this Order, the Court exercises its inherent authority to sua sponte screen cases that are 'transparently defective' in order to 'save everyone time and legal expense.'") (quoting *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003)). This authority extends to cases in which the plaintiff has paid the filing fee. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status").

*2. Pleading Standards*

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Such statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Detailed factual allegations are not required, but mere "labels and conclusions" do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 667. While factual allegations are accepted as true, legal conclusions are not.[2] *Id*.

### III.    ANALYSIS

*1. Failure to Comply with Rule 8(a)*

Plaintiffs' Complaint contains 24-pages of essentially gibberish. It consists of meandering factual allegations and unintelligible legal conclusions. Among other issues, Plaintiffs raise claims regarding an alleged improper foreclosure and eviction, mail fraud, extortion, kidnapping, a fictitious Tax Deed, a "scam-artist" real estate agent, purported collusion and conspiracy by Idaho State Court Judges, the denial of Plaintiffs' requests for injunctive relief in various Idaho State Court Proceedings, trespass, an unlawful arrest using a "fraudulent bench warrant," and a dispute involving a traffic case. Dkt. 1, at 6, 7.

---

[2] Rule 8's "simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz*, 534 U.S. at 512. For instance, Rule 9(b) requires greater pleading particularity in all averments of fraud or mistake. Fed. R. Civ. P. 9(b).

It appears that Plaintiffs seek this Court's intervention in various Idaho State Court Proceedings and/or to "remove" such proceedings to this Court. Even this is unclear, however, as Plaintiffs also identify multiple other individuals who have purportedly harmed them, in a multitude of ways, without naming such individuals as defendants. *Id*. at 5–8.

A review of the Complaint satisfies the Court that it does not comply with the pleading requirements in any way which would allow the Court to determine if it contains hidden within it a cognizable cause of action. Moreover, given the demands imposed on this Court by the tremendous volume of its civil, criminal, and habeas case load, it would be neither practical nor fair to other litigants for the Court to spend the time necessary to attempt to extract a potentially cognizable claim, to identify the facts, if any, related thereto, and to identify which Defendants, if any, should be held to answer for it.

The Court will give Plaintiffs the opportunity to replead in "a *short* and *plain* statement" a claim which complies with the pleading requirements. Fed. R. Civ. P. 8(a) (emphasis added). Plaintiffs' amended complaint will be required to assert only related claims against only those Defendants who may credibly be alleged to be responsible for the facts giving rise to those claims. Facts unrelated to those claims will not be permitted. Claims not related to the single set or series of facts giving rise to those claims will not be permitted. Moreover, any filing which does not comply with these instructions directing a short and plain statement, or any filing which combines unrelated matters or unnamed defendants, will likely result in dismissal with prejudice of the entire action.

2. *Sovereign Citizen Theory*

Further, the Court highlights that Plaintiffs' claims (whatever they may be) appear to be based on their belief that they are sovereign citizens who have terminated "any and all agency relationship" with the State of Idaho. *Id*. at 4. However, arguments that rely on such a belief system, often invoked by tax protesters, are legally frivolous. *United States v. Ward*, 182 F.3d 930 (9th Cir. 1999) (noting that contentions based on sovereign citizen arguments are "frivolous" and may be rejected "without extended argument"); *Heitman v. Bear Lake W. Homeowners Ass'n Corp*., 2007 WL 4198254, at *3 (D. Idaho Nov. 21, 2007) (citing *United States v. Sloan*, 939 F.2d 499 (7th Cir. 1991)); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (concluding defendants' sovereign citizen argument was "completely without merit" and "patently frivolous"); *Muhammad v. Smith*, 2014 WL 3670609, *2 (N.D.N.Y. July 23, 2014) ("Theories presented by redemptionist and sovereign citizen adherents have not only been rejected by the courts, but also recognized as frivolous and a waste of court resources."); *United States v. McQuarters*, 2013 WL 6095514, *2 (E.D. Mich. Nov. 20, 2013) (characterizing pleadings based on redemptionist arguments as "implausible, attenuated, unsubstantial, frivolous, devoid of merit, [and] no longer open to discussion"). As such, the Court will not further address, or consider, any amended claims based on this theory. If Plaintiffs Amended Complaint nevertheless relies on such theory it will likely be dismissed with prejudice.

3. *Review of State Court Proceedings*

Finally, if Plaintiffs choose to amend, they should be aware that they may not challenge a state court judgment in this court. *See D.C. Court of Appeals v. Feldman*, 460

U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). A federal district court has no jurisdiction "over challenges to state-court decisions, in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486. "This rule applies even though . . . the challenge is anchored to alleged deprivations of federally protected due process and equal protection rights." *Id*. (internal citation omitted). Rather, under 28 U.S.C. § 1257, "the proper court in which to obtain such review is the United States Supreme Court." *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir.1986).

## IV.    CONCLUSION

Plaintiffs have failed to comply with the Federal Rules of Civil Procedure, their claims appear to rely on a frivolous legal theory, and they seem to seek relief this Court lacks jurisdiction to provide. Nevertheless, the Court will allow Plaintiffs to amend to address the deficiencies identified herein. Failure to comply with the Court's directives will result in dismissal with prejudice.

## V.    ORDER

Now, therefore, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Complaint is **DISMISSED without prejudice**;

2. Plaintiffs are granted thirty (30) days from the date of service of this order to file an amended complaint, entitled "First Amended Complaint";

3. Plaintiffs shall serve all Defendants named in their First Amended Complaint pursuant to Federal Rule of Civil Procedure 4;

4. Plaintiffs shall not file any additional motions with this Court unless and until the aforementioned requirements are met;

5. Failure to file an Amended Complaint within thirty (30) days of the date of this Order will result in dismissal of this action with prejudice.

DATED: May 27, 2022

David C. Nye
Chief U.S. District Court Judge